# UNITED STATES DISTRICT COURT
## District of Connecticut
## AMENDED JUDGMENT IN A CRIMINAL CASE

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>         V.<br><br>**JOHN CANOVA**<br>**1771 Bard Lane**<br>**East Meadow, NY 11554** | **CASE NO.** *3:01 CR 264(AVC)*<br>**USM  NO:** *14468-014*<br><br>*ERIC GLOVER & MARIA A. KAHN*<br>Assistant United States Attorneys<br><br>*PAUL SHECHTMAN*<br>Defendant's Attorney |

     On September 25, 2002, the defendant was convicted at jury trial of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, obstructing a federal audit in violation of 18 U.S.C. § 1516, and two counts of making false statements in violation of 18 U.S.C. § 1001.

     On April 7, 2003, the court sentenced the defendant to a one year term of probation, a $1,000 fine, and a $400 special assessment after rejecting the argument that the defendant was subject to a 13 level sentencing enhancement for defrauding the government of 5 million dollars, and after granting a 6 level downward departure for the defendant's service to his country and community.

     On June 21, 2005, the United States Court of Appeals for the Second Circuit vacated that judgment to the extent this court declined to enhance the sentence based on a loss figure of 5 million dollars.  The Court of Appeals also advised this court that, "to the extent [this court] previously determined that [the defendant's] public service and good works warranted a 6 level departure, [this court] may, of course, reconsider that decision on remand in light of the higher guidelines range dictated by proper application of a loss enhancement."  See 412 F.3d at 359 note 29 (citing United States v. Elefant, 999 F.2d at 678).

     On November 10, 2005, the court re-sentenced the defendant to the originally imposed sentence of one year of probation, a $1,000 fine, and a $400 special assessment after awarding a total downward departure of 15 offense levels.  The grounds for the departure are: (1) that the 5 million dollar loss overstates the seriousness of the offense; and (2) the higher guidelines range dictated by a proper application of a loss enhancement requires a more substantial departure for the defendant's service to his country and community.

     As the defendant has fully satisfied the originally imposed sentence, he stands fully discharged from any further criminal liability in this matter.

                                                                                       **NOVEMBER 10, 2005**
                                                                                    **Date of Imposition of Sentence**

                                                                                    **Alfred V. Covello**
                                                                                    **United States District Judge**

**CERTIFIED AS A TRUE COPY**                          **Date:**
**ON THIS DATE _____**
**Kevin F. Rowe, Clerk**
**BY: _____**
    **Deputy Clerk**

**RETURN**

**I have executed this judgment as follows:**

**Defendant delivered on** _____ **to** _____

**a** _____ **, with a certified copy of this judgment.**

_____  _____
                                                                                **John F. Bardelli**
                                                                           **United States Marshal**

                                                              **By** _____
                                                                                **Deputy Marshal**