# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## JUDGMENT IN A CRIMINAL CASE

UNITED STATES OF AMERICA

v.

JOHN CANOVA
1771 Bard Lane
East Meadow, NY 11554

CASE NO. *3:01 CR 264(AVC)*
USM NO: *14468-014*

*ERIC GLOVER*
Assistant United States Attorneys

*PAUL SHECHTMAN & MICHAEL GRUDBERG*
Defendant's Attorney

On September 25, 2002, the defendant was convicted at a jury trial of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, obstructing a federal audit in violation of 18 U.S.C. § 1516, and two counts of making false statements in violation of 18 U.S.C. § 1001.

On April 7, 2003, the court sentenced the defendant to a one year term of probation, a $1,000 fine, and a $400 special assessment, after rejecting the argument that the defendant was subject to a 13 level sentencing enhancement for defrauding the government of 5 million dollars, and after granting a 6 level downward departure for the defendant's service to his country and community.

On June 21, 2005, the United States Court of Appeals for the Second Circuit vacated that judgment to the extent this court declined to enhance the sentence based on a loss figure of 5 million dollars. The Court of Appeals also advised this court that, "to the extent [this court] previously determined that [the defendant's] public service and good works warranted a 6 level departure, [this court] may, of course, reconsider that decision on remand in light of the higher guidelines range dictated by proper application of a loss enhancement." United States v. Canova, 412 F.3d at 331, 359 n.29 (2d Cir. 2005).

On November 10, 2005, the court re-sentenced the defendant to the originally imposed sentence of one year of probation, a $1,000 fine, and a $400 special assessment, after awarding a total downward departure of 15 offense levels. The grounds for the departure were: (1) that the 5 million dollar loss overstated the seriousness of the offense; and (2) the higher guidelines range dictated by a proper application of a loss enhancement required a more substantial departure for the defendant's service to his country and community.

On June 5, 2007, the Court of Appeals for the Second Circuit vacated this court's November 16, 2005 judgment and remanded for re-sentencing. The court notes that in its first opinion, the second circuit stated that "in light of Booker , the district court may decide on remand, after considering the applicable guidelines and policy statements, as well as the other factors outlined in 18 United States Code Section 3553(a), not to sentence Canova within the Guidelines scheme, but to impose a non-Guidelines sentence." Canova , 412 F.3d at, 359 n.29.

Having carefully considered the applicable guidelines in this case as well as the applicable policy statements, the arguments of counsel, as well as those factors set forth in Title 18 of the United States Code section 3553, and at the direction of the second circuit, the court concludes that sentencing the defendant to a non-Guidelines sentence is appropriate here.

The court has considered the pre-sentence report, the attachments made thereto, the statutory range of sentences that are available for the instant offense, the submissions of the parties, everything presented here today, and all of the arguments made by counsel, as well as those factors set forth in Title 18 of the United States Code, the second circuit's decision in United States v. Canova, 485 F.3d 674, 682 (2d Cir. 2007). In light of these considerations, and the second circuit's conclusion that this defendant intended a 5 million dollar loss, the court concludes that the following sentence is "sufficient but not greater than necessary to comply with the purposes of section 3553(a)." United States v. Onaghinor, 475 F.3d 468, 473 (2d Cir. 2007).

## SENTENCE

The court orders the defendant sentenced to a term of 10 months which includes 5 months of imprisonment followed by a term of supervised release with a condition requiring home detention for a period of 5 months.

## SUPERVISED RELEASE

Upon release from 5 months imprisonment, the defendant shall be on supervised release for a total term of 3 years. The defendant shall serve 5 months of this term on home detention. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Condition is imposed:

    1.   The defendant shall serve 5 months of his period of supervised release on home detention. During that time, the defendant may leave the home only for purposes of religious obligations, traveling to and from work and transporting his children to and from school related activities.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payment.

| | |
|---|---|
| Special Assessment: | $400.00 (paid) |
| Fine: | $3000.00($1,000.00 paid) |

    It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

## JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS

    The court recommends that the Bureau of Prisons place Mr. Canova in a half-way house for the 5 month term of his imprisonment.

## VOLUNTARY SURRENDER

    The defendant shall surrender at the institution designated by the Bureau of Prisons by January 7, 2008.

October 24, 2007
Date of Imposition of Sentence

Alfred V. Covello
United States District Judge
Date: 10/31/07

**RETURN**
I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

John F. Bardelli
United States Marshal

By _____
Deputy Marshal

CERTIFIED AS A TRUE COPY
ON THIS DATE _____
Roberta D. Tabora, Clerk

BY: _____
Deputy Clerk

## CONDITIONS OF PROBATION/SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

☒ (1)  The defendant shall not commit another federal, state or local offense;

☒ (2)  The defendant shall not unlawfully possess a controlled substance;

☐ (3)  The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

☐ (4)  The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;

☐ (5)  If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;

☐ (6)  The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

☐ (7)  A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.

☐ (8)  The defendant cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

1.  The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;

2.  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.  The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

5.  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.  The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;

7.  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;

9.  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.  The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12.  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.  The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;

14.  The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.  (Delete if not applicable)

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision and impose a term of imprisonment, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____
       Defendant                        Date

       _____
       U.S. Probation Officer/Designated Witness     Date