UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    3:01 CR 264 (AVC) |
| v. | |
| | :    FEBRUARY 11, 2008 |
| JOHN CANOVA | |
| | : |

## EMERGENCY MOTION TO EXTEND SURRENDER DATE

Defendant John Canova, by and through his attorneys, Stillman, Friedman & Shechtman, P.C., respectfully moves this Court for a third Order extending his time to make voluntary surrender to the custody of the Bureau of Prisons ("BOP"), as follows:

1.     The Court sentenced Mr. Canova, on October 24, 2007, to a term of 10 months, comprised of 5 months' imprisonment (with a recommendation that it be served in a half-way house) and 5 months' home confinement during his subsequent supervised release. As reflected in the October 31, 2007 Judgment, the Court directed Mr. Canova to surrender at the institution designated by the BOP by January 7, 2008. By Order dated January 4, 2008, the Court granted Mr. Canova's consent motion for an extension of his surrender date to and including January 21, 2008, so that the BOP could have more time to process his designation. By Order dated January 22, 2008, the Court granted a similar extension to February 11, 2008.

2.     On Friday, February 8, I contacted the Court's staff to report that the BOP had not advised of a designated facility, and that I would therefore be making a motion for an additional four-week enlargement of the surrender date. I advised the government and the Marshals Service Friday afternoon that I would be making the motion.

3.    This morning, at approximately 11 a.m., I was informed by telephone by the Marshals that Mr. Canova had in fact been designated last week. I was further advised that the designated facility was the Watkinson House in Hartford, Connecticut -- contrary to our expectation, based upon communications with the BOP, that the designation would be to a facility in New York near Mr. Canova's home and employment. I am also advised by the Marshals that the paperwork they received did not indicate a time by which Mr. Canova was required to surrender. Neither I nor Mr. Canova has received written notice of the designation. Because of this new information, I advised the Court and the government that Mr. Canova did not wish his Friday motion to be docketed.

4.    I have today been in contact with: representatives of the Marshals Service in New Haven; Ray Lopez, the Probation Officer who prepared Mr. Canova's p.s.r.; Sandy Hunt, the District of Connecticut Probation liaison for halfway houses; "Nicole," a Human Service Worker at Watkinson House; Joel Sickler of Justice Advocacy Group, my BOP consultant; and, indirectly through Mr. Sickler, Nathan Patterson, an Operations Manager in the BOP's Texas Designation Center, as well as Patterson's colleagues FNUs Riker and McCarthy.

5.    I understand the basis for the Hartford designation to be as follows. BOP Texas staff, upon a review of the current Judgment, recommended that Mr. Canova be placed in a halfway house in New York City and referred it to a New York Community Corrections Office for assignment. Staff in New York, believing that Mr. Canova was currently on probation in the District of Connecticut, contacted the Connecticut Probation office to seek transfer of the file to the Eastern District of New York for supervision of the halfway house placement. Connecticut Probation responded that it essentially had no jurisdiction to transfer, as Mr. Canova had not been sentenced to a probationary term in the current sentence, but instead to imprisonment (with a recommendation of halfway-house service) followed by supervised release. This version of

events is confirmed by Mr. Lopez and (via Mr. Sickler) by BOP staff. All parties have advised that given sufficient time they would cooperate to enable Mr. Canova to be designated to an NYC facility so that he would have a reasonable travel time and could maintain his employment.

6.    I make this motion on an emergency basis because Mr. Canova is now in transit to Hartford at the direction of Watkinson House Staff. I respectfully submit that an additional extension of two weeks will allow us to determine in an orderly manner whether the jurisdictional confusion can be resolved in favor of a New York placement. I apologize for the extremely short notice, but we were not apprised of the possibility of a Hartford placement before today.

7.    I have advised AUSA Eric Glover of Mr. Canova's designation and, via e-mail and telephone message, of my desire to speak with him regarding this request. I have not been able to speak with him in substance, and cannot report the government's position on the application. (Judge Droney's chambers staff informs me that Mr. Glover is attending the defense summation in a matter on trial there.)

WHEREFORE, defendant respectfully requests that the Court enter an Order extending the date by which he must surrender to the custody of the BOP to February 25, 2008.

Respectfully submitted,

STILLMAN, FRIEDMAN & SHECHTMAN, P.C.

By: _____
    Michael J. Grudberg (CT23165)
    mgrudberg@stillmanfriedman.com

Attorneys for Defendant
425 Park Avenue
New York, New York 10022
(212) 223-0200 (tel.)
(212)223-1942 (fax)

## <u>CERTIFICATION</u>

I hereby certify that a copy of this Consent Motion to Extend Surrender Date was sent via first class mail and electronic mail on February 11, 2008 to:

Eric Glover, Esq.
Assistant United States Attorney
157 Church Street
New Haven, CT 06510

Michael J. Grudberg